UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORMA L MATA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-287 |
| | § | |
| CARING FOR YOU HOME HEALTH, | § | |
| INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

**I. Introduction**

Now before the Court is Defendants Caring For You Home Health, Inc. and Noemi Torre's Motion for Summary Judgment, Plaintiff Norma Lee Mata's Response, Defendants' Reply to Plaintiff's Response, and Plaintiff's Surreply. (Docs. 20, 24, 27, 28). Plaintiff is a home healthcare provider employed by Defendants, and she claims that Defendants have not paid her overtime compensation in compliance with the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. (Doc. 1 at 3). Defendants now move for summary judgment, claiming they have always paid Plaintiff in compliance with the FLSA. (Doc. 20). Upon consideration of the Motion, responsive briefings, and summary judgment evidence, in light of the relevant law, the Court finds that the Motion must be denied for the following reasons.

**II. Summary Judgment Standard of Review**

A district court must grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under the governing law,

and is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a), (c). Once the moving party carries its burden, the burden shifts to the nonmovant to go beyond the pleadings and provide specific facts showing the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(c). In conducting its review of the summary judgment record, the court "may not make credibility determinations or weigh the evidence" and must resolve doubts and reasonable inferences regarding the facts in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255; *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006). However, the nonmovant cannot satisfy its burden with "conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.").

**III. Analysis**

**A. Fair Labor Standards Act**

The FLSA requires that an employee be compensated for overtime hours at a rate one and one-half times the employee's "regular rate." 29 U.S.C. § 207(a)(1). The employee's regular rate includes "all remuneration for employment," but does not include certain types of extra

compensation like discretionary bonuses. 29 U.S.C. § 207(e). In general, the regular rate means "the hourly rate actually paid for the normal, non-overtime workweek," and is "to be found by dividing the weekly compensation by the hours worked." *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 461, 464 (1948) (citations omitted). The regular rate "is not an arbitrary label chosen by the parties; it is an actual fact." *Id.* at 461 (citation omitted).

The regular rate is determined on an hourly basis, and when an employee's compensation is based only on an hourly rate, the hourly rate is the regular rate. 29 C.F.R. § 778.109; 29 C.F.R. § 778.110(a). If the employee receives, in addition to her hourly rate, a bonus not excluded by § 207(e), then that bonus is to be included in computing the employee's regular rate.[1] 29 U.S.C. § 207(e); 29 C.F.R. § 778.208. The dispute here essentially centers on whether Plaintiff's bonus should be included in her regular rate.

**B. Summary Judgment Evidence**

The parties do not dispute the amount Plaintiff was paid or the number of hours she worked. Both Plaintiff and Defendants rely on Defendants' summary judgment exhibit showing Plaintiff's pay stubs. (Doc. 20, Ex. 5). Plaintiff was paid bimonthly at an hourly rate of $7.25, and later, $7.50. (Doc. 20, Ex. 2 at 3). Additionally, Plaintiff was paid a bonus "of roughly $1–2 per hour" every pay period. *Id.* The only dispute is whether Plaintiff's bonus should be included in her regular rate for the purpose of determining her overtime compensation.

*1. Regular, Non-Overtime Hours*

For the pay periods in which Plaintiff did not work any overtime hours, her total

---

[1] The Department of Labor regulations offer the following example for an employee who works 40 hours in a week at the hourly rate of $12:

> If the employee receives, in addition to the earnings computed at the $12 hourly rate, a production bonus of $46 for the week, the regular hourly rate of pay is $13 an hour (46 hours at $12 yields $552; the addition of the $46 bonus makes a total of $598; this total divided by 46 hours yields a regular rate of $13). The employee is then entitled to be paid a total wage of $637 for 46 hours (46 hours at $13 plus 6 hours at $6.50, or 40 hours at $13 plus 6 hours at $19.50).

29 C.F.R. § 778.110(b).

remuneration was calculated by multiplying the number of hours worked times her hourly rate, plus a bonus. *See* (Doc. 20, Ex. 5). For instance, during her first pay period, ending on September 15, 2010, Plaintiff worked 39 regular hours and received $78.00 as a bonus. *Id.* at 2. Her total wages, then, amounted to 39 hours times her hourly rate of $7.25, plus $78.00, or $360.75. *Id.* Plaintiff notes that, when her bonus is included in her rate of pay, her total wages divided by the number of hours worked consistently equal $9.25 per hour for the pay periods from September 15, 2010 through February 15, 2013.[2] (Doc. 24 at 2, 4–6). For instance, in this same pay period, her total wages divided by the number of hours she worked, or $360.75 divided by 39 hours, equals a rate of $9.25 per hour. The same is true for *every* pay period in which Plaintiff did not work overtime hours from the time she began working on September 15, 2010 through February 15, 2013; Plaintiff's total wages divided by the number of hours worked *always* amounted to $9.25. *See* (Doc. 20, Ex. 5 at 2–15). Starting February 28, 2013, until the present, in every pay period in which Plaintiff has not worked overtime hours, her hourly rate including her bonus amounts to $9.05. (Doc. 24 at 7). This rate did not change even after her raise from $7.25 per hour to $7.50 per hour on September 30, 2013. *See* (Doc. 20, Ex. 5 at 17).

*2. Overtime Hours*

When Plaintiff worked overtime hours, Defendants explain that her overtime pay:

is calculated by dividing the total bonus for the pay period by the number of regular or non-overtime hours to reach the bonus hourly rate. The bonus hourly rate is then added to the regular hourly rate to determine the overall hourly rate. The overall hourly rate is then multiplied by 1.5 to determine the overtime rate. The overtime rate is then multiplied by the number of hours, if any, over 40 hours a week worked by the provider.

(Doc. 20, Ex. 2 at 3). Essentially, Defendants show that Plaintiff's overtime rate was actually calculated at one and one-half times a rate *higher* than her hourly rate. For instance, during the

---

[2] Plaintiff acknowledges that the pay period ending on November 30, 2012 inexplicably resulted in a different rate of $9.18 an hour. (Doc. 24 at 6 n.6).

pay period ending on June 1, 2011, she worked 85.25 regular hours, 17.25 overtime hours, and was given a bonus of $109.35. (Doc. 20, Ex. 5 at 5–6). Her total wages amounted to 85.25 regular hours times her hourly rate of $7.25, plus 17.25 overtime hours times one and one-half times a higher hourly rate of $8.53, plus her bonus of $109.35, or $948.12. *Id.* Plaintiff notes, however, that her total wages in that pay period, $948.12, divided by the total number of hours she worked, 102.5 hours, equals, again, $9.25 per hour, even though this pay period supposedly includes a $220.71 overtime premium. (Doc. 24 at 6). The same is true for every pay period in which Plaintiff worked overtime hours, from the time she began working on September 15, 2010 through February 15, 2013, with the exception of one pay period.[3] *See* (Doc. 20, Ex. 5). Then, beginning with the pay period ending on February 28, 2013, Plaintiff's total wages divided by the total number of hours worked, regardless of overtime hours, amount to $9.05 per hour, with the exception of one pay period.[4] *See id.*

Despite Defendants' alleged overtime premium, Plaintiff's total wages per hour did not change even when she worked overtime. Compare, for instance, the pay periods ending on August 31, 2012 and November 1, 2012. For the August 31 pay period, she worked 104.75 regular hours with no overtime and received total wages of $968.94. (Doc. 20, Ex. 5 at 12). For the November 1 pay period, she worked 89 regular hours and 15.5 overtime hours, or a total of 104.5 hours, and received total wages of $966.63. *Id.* at 13. Although Plaintiff worked substantially more overtime hours in the November 1 pay period but a nearly identical number of total hours, her total compensation was slightly less than the August 31 pay period.

Neither party disputes these numbers. Rather, their disagreement focuses on whether

---

[3] As noted, her rate for the pay period ending on November 30, 2013 was $9.18 an hour. *See* (Doc. 20, Ex. 5 at 13). The total wages in this period are not the result of Defendants' stated formula, either.
[4] Her rate for the pay period ending on January 15, 2014 was, inexplicably, $8.61 an hour. *See* (Doc. 20, Ex. 5 at 20). Again, the amount of total wages does not follow from Defendants' formula either.

Plaintiff's bonus should be included in calculating her regular rate of pay. Without the bonus, Defendants have demonstrated that they complied with the FLSA because Plaintiff's overtime pay is more than one and one-half times her hourly rate. If the bonus is included, however, Plaintiff has demonstrated that Defendants did not comply with the FLSA because her overtime rate is the same as her regular rate.

## C. Whether Bonus Is Included in Regular Rate

Defendants argue that the bonus is discretionary and therefore specifically excluded from the regular rate by § 207(e). (Doc. 27 at 4). Section 207(e) provides that the regular rate "include[s] all remuneration for employment" but:

> shall not be deemed to include . . . [s]ums paid in recognition of services performed during a given period if . . . both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly.

29 U.S.C. § 207(e)(3).

To support their argument that the bonus is discretionary and should not be included in the regular rate, Defendants offer Torre's unsworn declaration that "[b]onuses are paid to providers . . . at Caring For You Home Health, Inc.'s discretion as a reward for loyal service and other reasons," tracking the language of 29 C.F.R. § 778.502.[5] (Doc. 27, Ex. 1). Plaintiff objects to this declaration because it is not verified as true under penalty of perjury. (Doc. 28 at 2). Even assuming, without deciding, that this declaration is proper summary judgment evidence, there is some evidence in the record to refute Torre's statement; Plaintiff recalled in her deposition that the bonus had been discussed at a staff meeting. (Doc. 20, Ex. 1 at 13); *see* 29 C.F.R. § 778.211(b) ("If the employer promises in advance to pay a bonus, he has abandoned his

---

[5] "The term 'bonus' is properly applied to a sum which is paid as an addition to total wages usually because of extra effort of one kind or another, or as a reward for loyal service or as a gift." 29 C.F.R. § 778.502(a).

discretion with regard to it."). Defendants do not identify for what "other reasons" the bonus is paid. *See* (Doc. 27).

Defendants offer no other evidence to support their argument that the bonus is discretionary, and, though carefully describing how Plaintiff's overtime payments were calculated, Defendants do not explain how they chose the amount of the bonus or why it varied between pay periods. *See* (Doc. 20 at 4–5). With no explanation from Defendants, the amount and the variations only make sense in light of Plaintiff's argument that her regular rate was supposed to be $9.25, and later $9.05, an hour.

Finally, Defendants argue that there was never any contract or agreement that Plaintiff would receive a bonus every pay period. (Doc. 27 at 3). The law is clear, however, that the regular rate "cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee," *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 464 (1948); instead, "courts are required to look beyond that which the parties have purported to do" and find "the hourly rate *actually* paid for the normal, non-overtime workweek." *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199, 204 (1947) (emphasis added) (citations omitted). While there was no express contract that Plaintiff would receive a bonus, there may have been an informal agreement or promise discussed at the staff meeting causing Plaintiff to expect such payments regularly. The fact that Plaintiff received a bonus every pay period, (Doc. 20, Ex. 5), may have led her to expect a bonus payment regularly.

To show her bonus is properly included in her regular rate, Plaintiff relies on *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010), in which the Fifth Circuit found an employer's pay scheme violated the FLSA. (Doc. 24 at 8–9). In *Gagnon*, the employer paid the plaintiff a very low hourly rate plus a higher "per diem" that was based on the number of hours

worked, but the employer only paid overtime at one and one-half times the low hourly rate. *Gagnon*, 607 F.3d at 1039. Even though the employer's plan appeared to comply with the FLSA because the employee was paid at one and one-half times his hourly rate, the court found the "per diem" should have been included in the employee's regular rate, and so his overtime payments should have been based on the hourly rate and per diem, together. *Id.* at 1042. The court noted that the case was "analogous to other cases in which employers have sought to artificially lower an employee's regular rate by mischaracterizing a portion of it as a bonus." *Id.*

Plaintiff argues, therefore, that her bonus is not really a bonus at all but a portion of her regular wages designed to lower her hourly rate and artificially demonstrate compliance with the FLSA. *See* (Doc. 24 at 8–9). Plaintiff argues that her total wages did not include a "true bonus" excludable from the regular rate, because the sum was always determinable by multiplying the number of hours she worked times her regular rate of $9.25, and later $9.05. *Id.* at 9 (citing 29 U.S.C. § 778.502(e) ("The general rule may be stated that wherever the employee is guaranteed a fixed or determinable sum as his wages each week, no part of this sum is a true bonus and the rules for determining overtime due on bonuses do not apply.")). Plaintiff has provided a reasonable basis for finding that her bonus is not discretionary and should be included in her regular rate.

In sum, Defendants offer nothing more than the conclusory statement that the bonus is discretionary. Plaintiff points out that the bonus is paid every pay period, always determinable, and her wages with the bonus always amount to $9.25 or $9.05 an hour. A reasonable jury could return a verdict for the Plaintiff. Therefore, Defendants have not met their burden to show there is no genuine issue of material fact for trial. Defendant's Motion for Summary Judgment must be denied.

**D. Plaintiff's Request for *Sua Sponte* Summary Judgment**

Having found at least some evidence that Plaintiff's bonus should be included in her regular rate, which would mean she was not compensated properly for her overtime hours under the FLSA, the Court next considers Plaintiff's request that the Court *sua sponte* grant summary judgment in favor of Plaintiff. (Doc. 24 at 14). While Plaintiff has presented a plausible argument that she was not compensated at one and one-half times her regular rate for overtime hours she worked, the Court cannot grant summary judgment in her favor based on the evidence presented.

First, as discussed above, there remains a fact issue as to whether Plaintiff's bonus is properly included in determining her regular rate. Therefore, Plaintiff has not established a violation of the FLSA.

Second, Defendants have pleaded the "good faith defense" under 29 U.S.C. § 259. (Doc. 7 at 6). Section 259 provides:

> [N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of [the Administrator of the Wage and Hour Division of the Department of Labor]."[6]

29 U.S.C. § 259. Defendants assert, by Torre's declaration, that the U.S. Department of Labor Employment Standards Administration Wage and Hour Division gave Defendants instruction on how to calculate overtime pay for their employees, and Defendants "followed the directives given by the U.S. Department of Labor concerning payment of overtime to Norma Lee Mata." (Doc. 27, Ex. 1 at 2). Defendants do not explain what the directives require or offer any proof of

---

[6] "Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect." 29 U.S.C. § 259.

the written directives, but Defendants are entitled to offer proof of this defense. Because this defense, if established, would bar Plaintiff's claim notwithstanding any violations she may prove, the Court cannot yet grant summary judgment in favor of Plaintiff.

Finally, the parties dispute whether the violation, if any occurred, was willful. Whether a particular FLSA violation was "willful" determines the statute of limitations applicable to the violation. 29 U.S.C. § 255(a). If a violation was willful, the three-year statute of limitations applies; if a violation was not willful, the two-year statute of limitations applies. *Id.* "The standard for determining willfulness is whether the employer either knew or showed reckless disregard for whether his conduct violated the FLSA." *Carman v. Meritage Homes Corp.*, No. 4:11-CV-1824, 2014 WL 808257, at *8 (S.D. Tex. Feb. 28, 2014) (citing *Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1036 (5th Cir. 1993)). In this case, a finding of willfulness would result in a difference of, at most, $250.02 in damages.[7] Plaintiff has cited case law but no evidence to show the Defendants' alleged violation was willful. *See* (Doc. 24 at 16). Similarly, Defendants have presented no evidence to show the violation, if any occurred, was not willful, including any evidence, as discussed above, that they relied on a written opinion of the Department of Labor in good faith. Because neither party has offered any evidence for or against a finding of willfulness, the Court cannot yet determine Plaintiff's damages, if any.

## IV. Conclusion

For the reasons explained above, Defendants' Motion for Summary Judgment is **DENIED**. The Court will not, at this time, grant summary judgment *sua sponte* in favor of Plaintiff.

---

[7] Plaintiff filed suit on June 10, 2013. Therefore, if she established a violation, she would be able to collect damages for every pay period in which a violation occurred dating back to June 10, 2011. In fact, this covers all but two of the pay periods in which Plaintiff worked overtime hours. She claims that for these two pay periods she is owed $125.01 for non-paid overtime compensation and liquidated damages in the same amount for a total of $250.02. (Doc. 24, Ex. 1).

SO ORDERED this 12th day of August, 2014, at McAllen, Texas.

Randy Crane
United States District Judge