UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORMA L MATA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-287 |
| | § | |
| CARING FOR YOU HOME HEALTH, | § | |
| INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AWARDING ATTORNEY'S FEES AND COSTS

On March 27, 2015, the Court granted Plaintiff Norma Lee Mata summary judgment on her claim for unpaid overtime wages under the Fair Labor Standards Act (FLSA). (Dkt. No. 66). The FLSA provides that "the court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. In its Order, the Court instructed Plaintiff to submit appropriate documentation of attorney's fees and costs and gave Defendants an opportunity to respond. (Dkt. No. 66 at 18). Plaintiff filed a motion that was supported by, among other exhibits, declarations of attorneys Carlos Hernandez ("Hernandez") and Michael Burke ("Burke") and time sheets from each. (Dkt. No. 68). Defendants filed a response in opposition. (Dkt. No. 69). Having considered the parties' filings and the relevant law, the Court finds that Plaintiff should be awarded $41,025.00 in attorney's fees and $4,241.70 in costs.

**I.      Applicable Law**

The Court uses the lodestar method in calculating the award of attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar is calculated by multiplying an attorney's hours reasonably spent on the case by an appropriate hourly rate. *Smith*

*& Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The appropriate hourly rate is based on the market rate in the community for the type of work completed. *Id.* There is a strong presumption that the calculated lodestar amount is reasonable. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). A district court, however, may adjust the lodestar amount based on the "relative weights of the twelve factors set forth in *Johnson*."[1] *Black v. Settlepou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (internal quotations omitted).

## II. Analysis

A. Lodestar Calculation

Plaintiff requests that the Court calculate attorney's fees based on a rate of $295.00 per hour for Hernandez and $350.00 per hour for Burke. (Dkt. No. 68 at 3–7). Defendants argue, and the Court agrees, that these amounts are too high. (Dkt. No. 69 at 1–7). Upon consideration of Plaintiff's counsel's experience, the type of work completed, the market rate for similar services in the community, and Defendants' objections, the Court finds that $250.00 per hour is a reasonable rate for the work performed by Hernandez and $300.00 per hour is a reasonable rate for work completed by Burke. Accordingly, the Court will use these amounts in the lodestar calculation.

Hernandez submitted time sheets showing that he spent 65.5 hours working on this case. (Dkt. No. 68, Ex 1-A). Defendants argue that Hernandez's hours should be reduced by at least 19.25 hours. (Dkt. No. 69 at 11). Defendants' primary point of contention is Hernandez's billing of quarter-hours instead of tenth-hours. *Id.* at 8. The Court considered each of Hernandez's time

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

sheet entries and adjusted many entries to reflect what the Court finds reasonable. Among these adjustments were reductions of most instances of billing .25 hours to .1 hours. The Court also eliminated two instances of billing for review of Court orders on dates that that the Court did not issue any orders. In total, the Court reduced Hernandez's hours by 8.2 hours, finding that 57.3 hours is a reasonable number of hours to have expended.

Burke submitted time sheets showing that he spent 105.3 hours working on this case. (Dkt. No. 68, Ex. 2-A). Defendants argue that Burke's hours should be reduced by at least 40.1 hours. (Dkt. No. 69 at 13). The Court considered each of Burke's time sheet entries and adjusted many entries to reflect what the Court finds reasonable. Among these adjustments were reductions in the hours spent on Plaintiff's response to Defendants' motion for summary judgment and hours spent considering Defendants' overtime payment formula. Other reductions were made to entries that the Court found were excessive. In total, the Court reduced Burke's hours by 16.3 hours, finding that 89 hours is a reasonable number of hours to have expended.

Based on the Court's findings of an appropriate hourly rate and a reasonable number of hours expended by each attorney, the lodestar calculation for Hernandez is $14,325.00, the lodestar calculation for Burke is $26,700.00, and the combined lodestar total is $41,025.00.

B.   *Johnson* Factors

Having calculated the lodestar amount, the Court next considers whether adjustments should be made based on the relative weights of the *Johnson* factors. Plaintiff argues that, "under the circumstances of this case, 'the time and labor required' and 'the time limitations imposed by the circumstances' would justify application of a modest enhancement" of the lodestar by a multiplier of 1.5. (Dkt. No. 68 at 15). Defendant, on the other hand, argues that the lodestar amount should be reduced by 50 percent because "Plaintiff prevailed on only 50 percent of the

disputed issues in the case. (Dkt. No. 69 at 13–14). Defendants' argument is based on the fact that Plaintiff's Complaint asserted a collective action, but Plaintiff was not successful in certifying a class. *Id.* at 14.

After considering the *Johnson* factors, the Court finds that no adjustment to the lodestar amount is necessary. With respect to Plaintiff's argument, any increases in time and labor that may have been necessitated by Defendants' litigation tactics are sufficiently reflected in the lodestar calculation. Accordingly, no upward adjustment is necessary to account for Defendants' litigation tactics which unnecessarily multiplied the litigation.

Defendants correctly observe that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). While Defendants are correct that Plaintiff was not successful in certifying a class, Plaintiff did not move for class certification and no attorney time has been requested for pursuing class certification. *See* (Dkt. No. 68, Exs. 1-A, 2-A). Because Plaintiff does not seek to recover fees for any time spent pursuing class certification, the Court finds that no downward adjustment to the lodestar amount is warranted.

C. Costs

The FLSA states that the Court shall award costs to a prevailing plaintiff. 29 U.S.C. § 216. Plaintiff argues that these costs include reasonable out-of-pocket expenses, while Defendants argue that this includes only those taxable costs listed in 28 U.S.C. § 1920. Courts in other Circuits have held that costs awarded under the FLSA include reasonable out-of-pocket expenditures. *See Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002) ("Under the FLSA, costs include reasonable out-of-pocket expenses"); *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) (when a statute expressly authorizes attorneys' fees, as

in the FLSA, the court is not limited to the costs available under Rule 54(d)). The Fifth Circuit has not directly weighed in on the issue in the FLSA context, but it has followed other circuits in allowing out-of-pocket expenses for claims under other fee-shifting statutes such as Title VII and the ADEA. *See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (noting that in Title VII cases, the court allows "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as postage, photocopying, paralegal services, long distance telephone calls, and travel costs."). Therefore, the Court finds that Plaintiff may recover reasonable out-of-pocket expenses beyond those listed in 28 U.S.C. § 1920.[2]

Having reviewed the attorneys' expenses, the Court finds that they are reasonable and "necessarily obtained for use in the case," with only a few exceptions. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

First, the Court agrees with Defendants that $0.10 per copy is a reasonable cost for copies as opposed to the $0.25 per copy charged by Hernandez. Accordingly, Hernandez's costs should be reduced by $275.55 (1,837 x $0.15). (Dkt. No. 68, Ex. 1-A at 9). Additionally, Hernandez made a mathematical error in calculating the "facsimile services" cost that requires a reduction of $78.00.[3] *See id.* The Court finds the remainder of the charges for exemplification, copies, and faxes to be reasonable and recoverable.

Among Burke's expenses is a $615.50 charge for video depositions. (Dkt. No. 68, Ex. 2-E). Defendants argue that Burke's video deposition is not a recoverable expense. (Dkt. No. 69 at

---

[2] The Court notes, without deciding, that the "reasonable out-of-pocket expenses" are perhaps properly characterized as part of the attorney's fee rather than as costs. *See Mota*, 261 F.3d at 529. However, because both fees and costs are being awarded, the label attached to each item is largely irrelevant in the instant case.
[3] Hernandez calculated 156 x $0.50 = $156.00, rather than $78.00.

16). Defendants cite to *Mota*,[4] a Fifth Circuit case, in support of their position. As the Honorable Sim Lake has observed, however, Defendants' argument:

> fails to recognize that since the Fifth Circuit's decisions in [*Mota*], § 1920(2) has been amended to state that a court may tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). *See also S & D Trading Academy, LLC v. AAFIS, Inc.*, [336 Fed. Appx. 443, 450–451 (5th Cir. 2009), cert. denied, 558 U.S. 1111 (2010).] Accordingly, the cost for videotaped depositions is now recoverable under § 1920(2).

*Baisden v. I'm Ready Prods.*, 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011). Other district Courts in this Circuit have reached the same conclusion. *See, e.g., Sheikh-Abukar v. Fiserv Solutions, Inc.*, 2011 U.S. Dist. LEXIS 124157 at *2 (S.D. Tex. Oct. 26, 2011); *Nilesh Enters. v. Lawyers Title Ins. Corp.*, 2010 U.S. Dist. LEXIS 66146 at *8 (W.D. Tex. July 1, 2010). The Court finds that the costs of the video depositions are recoverable in this case.

Upon review, the Court finds that the total amount of recoverable costs—including those listed in 28 U.S.C. § 1920 and those "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client"—are $950.70 for Hernandez and $3,291.00 for Burke, for a total of $4,241.70.

**III.     Conclusion**

For the foregoing reasons, the Court **ORDERS** that Plaintiff is hereby awarded $41,025.00 in attorney's fees and $4,241.70 in costs.

SO ORDERED this 12th day of May, 2015, at McAllen, Texas.

*[signature: Randy Crane]*
Randy Crane
United States District Judge

---

[4] 261 F.3d at 529–530.